# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-06-00600-CV

**Williamson County, Honorable Dan A. Gattis, Honorable Suzanne Brooks, Honorable Tim Wright, Honorable Donald Higginbotham, and Honorable William Thomas Eastes, in their official capacities, Appellants**

**v.**

**Kerry Heckman, Monica Maisenbacher, Sylvia Peterson, Tammy Newberry, Elveda Vieira, and Jessica Stempko, on behalf of themselves and all other persons similarly situated, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 06-453-C277, HONORABLE JOSEPH H. HART, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I withdraw my prior concurring opinion and substitute this opinion respectfully dissenting. In light of (i) appellants' motion to dismiss and supplemental briefing citing "intervening developments,"[1] which are recited and recognized by the majority and are relevant to whether the

---

[1] Among other developments, appellants recite that "Williamson County has adopted a new policy for dealing with court appointed counsel, has added an additional magistrate lawyer, and has hired an indigent defense coordinator to ensure that everyone who is entitled to a court appointed attorney and requests a court appointed attorney will get one" thus supplanting the plan in effect during events in this cause; the Texas Legislature passed House Bill 1178 which became effective September 1, 2007, adding "additional requirements for appointing counsel to indigent defendants;" and, in 2009 the Court of Appeals for the Fifth Circuit decided the case of *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 228 (5th Cir. 2009), in which the court recognized a party had standing to

claims remain live and appellees have standing, and (ii) the passage of time since the appeal in this case was filed in 2006, I would remand to the district court for a hearing to determine if changed circumstances have rendered appellees' claims moot since the district court denied in 2006 appellants' plea to the jurisdiction in its entirety.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   July 16, 2010

---

challenge the establishment and implementation of a county policy for the appointment of counsel to represent indigent defendants.